IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOEY L. JUSHAWAY                                                                             PLAINTIFF

V.                                                                          CIVIL ACTION NO.4:08CV4-WAP-JAD

CHRISTOPHER EPPS, et al.                                                                  DEFENDANTS

## REPORT AND RECOMMENDATION

On May 14, 2008, plaintiff, an inmate of the Mississippi Department of Corrections, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Jushaway alleges that his conjugal visits with his wife, his wife's listing on his visitor's list, and his housing were changed in retaliation for his filing a grievance against Sylvia Kelly. He does not allege that Epps or Sparkman had any personal involvement in his reclassification, the removal of his wife from the visitation list and his being moved away from his family. In a § 1983 action the employers and supervisors cannot be held liable for the actions of prison employees under a respondeat superior theory of liability. *Monell v. Department of Social Services*, 436, U.S. 658, 98 S. Ct. 2018, 56 l. Ed. 611(1978). Therefore neither Epps nor Sparkman can have any liability in this action and should be dismissed.

With regard to Ernistine Starks, Jushaway asserts that she verbally harassed him and attempted to goad him regarding the revoked visitation. The Fifth Circuit Court of Appeals has held that mere words, no matter how antagonistic, are not actionable. *McFadden v. State*, 713 F. 2d 143, 146 (5th Cir. 1983). Therefore Starks should also be dismissed from this action.

The remaining defendants are alleged to have been personally involved in retaliating against Jushaway and this action should go forward as to those defendants.

The undersigned recommends that this action be dismissed with prejudice as to the defendants Epps, Sparkman and Starks, as no cause of action is stated against them.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 15th day of May, 2008.

/s/ Jerry A. Davis
U. S. MAGISTRATE JUDGE