IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOEY L. JUSHAWAY                                                   PLAINTIFF

V.                                                  CIVIL ACTION NO.4:08CV4-WAP-JAD

CHRISTOPHER EPPS, et al.                                    DEFENDANTS

REPORT AND RECOMMENDATION

Joey Jushaway has moved for a temporary restraining order against the defendants and some non-parties. Jushaway alleges that he has been wrongfully placed in close confinement, threatened by several officers and moved to a state run facility in order to deprive him of visitation with his wife.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in *Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d 618 (5th Cir. 1985) (citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974)). The granting or denial of a motion for injunctive relief rests in the sound discretion of the trial court. *Canal Authority of State of Florida*, 489 F.2d at 572. However, the movant bears the burden of satisfying the "four prerequisites for the extraordinary relief of preliminary injunction." *Id*. The four prerequisites are: (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the relief is not granted; (3) the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting injunctive relief will not disserve the public interest. *Id.* at 572. These requirements are not balanced, but rather each one must be met before the court can grant such a drastic remedy as a temporary restraining order or preliminary injunction. *Mississippi Power & Light*, 760 F.2d at 621.

As noted in the earlier report and recommendation mere words are not actionable, *McFadden v. State*, 713 F. 2d 143, 146 (5th Cir. 1983). Because he has not stated a cognizable claim based on threats or verbally antagonistic behavior, he cannot prevail on the motion for interim injunctive relief. As to his placement within the Mississippi Department of Corrections, Jushaway only has a cause of action based upon the allegation of retaliation, because he has no underlying right to any particular housing. While it is possible that the plaintiff may prevail on the merits, it cannot be said that there is a substantial likelihood that he will. Nor has the plaintiff shown that he is likely to suffer irreparable injury in the absence of injunctive relief.

The undersigned recommends that the motion for a temporary restraining order be denied.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 21st day of May, 2008.

                                                /s/ JERRY A. DAVIS
                                                UNITED STATES MAGISTRATE JUDGE