IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOEY L. JUSHAWAY                                                                                          PLAINTIFF

V.                                                                              CIVIL ACTION NO.4:08CV4-WAP-JAD

CHRISTOPHER EPPS, et al.                                                                          DEFENDANTS

## REPORT AND RECOMMENDATION

The remaining defendants in this action Sylvia Kelly, Aslee Stevenson and Melanie Townsend have filed for summary judgment (Doc. 50). The plaintiff has filed his response to the motion (Doc. 53), and a motion to dismiss his complaint without prejudice(Doc. 55). Also pending is a motion to compel production of documents(Doc.52). The defendants assert that Jushaway has failed to state a claim for relief.

## SUMMARY JUDGMENT STANDARDS

Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Rule 56(e) Fed.R.Civ.P. requires that materials supporting or opposing the motion be admissible at trial. Material that would be inadmissible cannot be considered on a motion for summary judgment since it would not establish a genuine issue of material fact.

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265(1986)). If the

party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald,* 893 F.2d 787, 793(5th Cir. 1990).

The moving party must make an initial showing that there is no dispute of material fact or that there is a failure of proof of an element of the claim. If this showing is made, the nonmoving must go beyond pleadings and submit specific evidence showing that there are one or more genuine issues of fact to be resolved by trial. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(emphasis omitted). While all facts are considered in favor of the nonmoving party, including all reasonable inferences therefrom, *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995), the nonmovant's burden, " is not satisfied with 'some metaphysical doubt as to the material facts,'" *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356, by 'conclusory allegations,' *Lujan,* 497 U.S. at 871-73, 110 S.Ct. at 3180, by "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir.1994). *Little v. Liquid Air Corp.* at 1075.[1] "A dispute regarding a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d. 202(1986). Summary judgment is appropriate if "critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."

---

[1] Quoting from *Matsushita Electric Indus.Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed. 2d 538(1986) and *Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 111L.Ed.2d 695(1990).

2

*Armstrong v. City of Dallas,* 997 F.2d 62 (5th Cir.1993). If the nonmoving party fails to meet this burden, the motion for summary judgment must be granted.

These standards have been applied in evaluating the evidence of record in support of and opposition to the motion for summary judgment.

## SUMMARY OF THE RECORD AND ANALYSIS

Jushaway is a minimum security inmate presently housed at the Marshall County Correctional Facility. He applied for and was granted permission to marry Jerlean Green Gamble Jushaway in December, 2003, while an inmate at the Issaquena County Correctional Facility. His wife is a former employee of the Mississippi Department of Corrections. She was discharged on May 28, 2003 for among other things fraternizing with inmates, including Jushaway. He and his wife were allowed to visit for a period of three years at the Issaquena facility When Jushaway was transferred back to Parchman, according to the defendants, it was realized for the first time that Ms. Jushaway was Jearlean Gamble. The defendants admit that the marriage application was approved by MDOC without performing a background investigation on Jerlean. Jushaway contends the marriage was done with knowledge that she was a former employee. He cites to a letter from Cecelia Rusk, a former MDOC warden, which he claims is in his file. This letter is one of the subjects of his pending motion to compel.

According to the defendants, when they realized that Mrs. Jushaway was a former employee they not only terminated the conjugal visit that had been scheduled, but have refused to allow Jushaway to visit with his wife at all since October 2006. Lawrence Kelly, the superintendent of the Mississippi State Penitentiary and husband to the defendant Sylvia Kelly, issued a letter in October 2006 banning Ms. Jushaway from the grounds of the Mississippi State Penitentiary. The

defendants have also included documents regarding the termination of Ms. Jushaway, but the letter terminating Ms. Jushaway does not ban her from any correctional facility on its face.

The defendants have moved for summary judgment asserting that Jushaway has no constitutional right to intimate contact and no constitutional right to visitation *per se*. They assert that he has therefore failed to state a cognizable claim. They also attached in support of their motion for summary judgment, the current version of MDOC's offender visitation policy number 31-03-01 with a stated effective date of May 1, 2008. The obvious problem with this submission is that not all of the policy was applicable when Jushaway married or when his visitation was terminated in October 2006. Additionally, while there can be no dispute that there is no constitutional right to conjugal visitation, *McCray v. Sullivan*, 509 F.2d. 1332, 1334 (5th Cir. 1975) Jushaway's complaint seeks to have any kind of visitation with his wife, something the Mississippi Department of Corrections clearly intends to ban permanently.

Additionally, the defendants misconstrue the plaintiff's complaint. He does not allege that he has a constitutional right to visit with his wife, privately or otherwise. Rather he asserts that the defendant Sylvia Kelly, aided by the other defendants, has been the driving force in depriving him not only of his visitation, but in changing his housing, all in retaliation for his complaints against her. "The law of this circuit is clearly established ... that a prison official may not retaliate against or harass an inmate ... for complaining to a supervisor...." *Woods v. Smith*, 60 F. 3d 1161, 1164 (5th Cir. 1995). Jushaway has alleged that he filed a complaint against Sylvia Kelly and that his transfer from Issaquena County Correctional Facility and the disruption of his visitation with his wife were acts of retaliation against him by Kelly. Clearly Jushaway has the right to complain about and seek redress concerning any complaints against Kelly. Kelly and others are alleged to have retaliated

4

against Jushaway for his complaints by having him transferred in order to terminate his visitation with his wife. Jushaway has certainly suffered an adverse action and he must prove causation. Certainly the complete cessation of visitation with his wife is more than a *de minimus* retaliation.

The defendants have not addressed Jushaway's retaliation claim at all. Instead the thrust of their argument is that the Jushaways pulled one over on MDOC in getting permission to marry at all, and that after the true circumstances came to light, Jushaway's visitation was appropriately cut off pursuant to MDOC policy. They submitted the visitation policy as effective on May 8, 2008, Mrs. Jushaway's termination letter and the October 2006 letter banning Ms. Jushaway from the premises at Parchman. They assert in their brief that Ms. Jushaway knew that she was banned and that she was permanently prohibited from visiting with any inmate whom she met during the course of her employment with MDOC. This argument is inaccurate at best.

The defendants submitted earlier visitation policies for the Mississippi State Prison effective December 15, 2002 and a March 1, 2004 agency wide policy, not in connection with the motion for summary judgment, but as a response to the motion to compel. These earlier policies reveal that the life time ban on any former MDOC employee visiting with any inmate was enacted only in July, 2008, after this suit was filed. Neither Ms. Jushaway's termination letter in 2003 nor existing policy contained the complete ban now instituted. It appears that under existing policy in 2003 there was a one year ban on former MDOC employees visiting an MDOC inmate. Prior and existing marriage policies[2] do not contain a prohibition against the Jushaways' marriage nor their visitation. Obviously the deprivation of visitation in 2006, 2007 and 2008 cannot be justified on the basis of

---

[2] These documents were also produced to the court in connection with the response to the motion to compel, but not the motion for summary judgment

a policy not then in existence. No argument or claim has been made to the court that Ms. Jushaway represents a security threat, under which she could be banned under all three policies before the court. Finally, while the decisions of the Mississippi Department of Corrections in establishing its policies are to be accorded due deference, *Turner v. Safley*, 482 U.S. 78, 107 S,Ct, 2254, 96 L.Ed.2d 64 (1987), the defendants have made no showing of any legitimate penological purpose to be served by the new lifetime ban, particularly as applied retroactively to ban any visitation within an existing marriage. Looking at other visitation regulations presently in place, the legitimacy of the new regulation needs to be established by evidence not offered by the defendants. Past and current regulations allow MDOC employees to visit with inmates who are members of their immediate family, a regulation that appears on its face to be applicable to the Jushaways. Inmates are allowed to marry other inmates, though those marrying after 1999 are not eligible for family visits. Former inmates are allowed to visit current inmates who are members of their immediate family. The regulations go so far as to provide that inmates within the same facility may visit twice a year with other inmates who are members of their immediate family. The Mississippi Department of Corrections needs to provide some showing to justify this regulation, given its obvious impact on Mr. Jushaway's family.

There are also disputes of material fact which must be resolved in order to determine the merits of this action and the defendants have otherwise failed to show that they are entitled to judgment as a matter of law.

The plaintiff has moved to dismiss his complaint without prejudice. The time for taking such a dismissal has long since passed. There is no indication that the defendants have consented to

dismissal without prejudice. Additionally, the apparent running of the statute of limitations would effectively make any dismissal with prejudice.

CONCLUSION

The undersigned recommends that the defendant's motion for summary judgment (Doc. 50) be denied. The undersigned also recommends that the plaintiff's motion to dismiss his complaint without prejudice be denied.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 18th day of November, 2008.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE